IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRANDON WARD, ET AL.,**                                                           **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                              No. 4:20-cv-704-BRW

**WELSPUN PIPES, INC., WELSPUN**                                         **DEFENDANTS**
**TUBULAR, LLC, and WELSPUN USA, INC.**

### JOINT MOTION FOR APPROVAL OF LIABILITY SETTLEMENT

COME NOW Plaintiffs Brandon Ward, et al. ("Named Plaintiffs"), individually and on behalf of others similarly situated ("Opt-In Plaintiffs")(together with Named Plaintiffs, "Plaintiffs") and Defendants Welspun Pipes, Inc., Welspun Tubular, LLC, and Welspun USA, Inc. ("Defendants")(together with Plaintiffs, the "Parties"), by and through their undersigned counsel, file this Joint Motion for Approval of Liability Settlement. A copy of the Parties' Settlement Agreement is attached hereto as Exhibit 1[1].

### I.   INTRODUCTION

This is a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., for unpaid overtime wages. Named Plaintiffs brought the lawsuit on behalf of themselves and other current and former hourly employees of Defendants. Plaintiffs allege Defendants' timekeeping and pay policies in rounding Plaintiffs' hours resulted in several hours of unpaid work each month. Plaintiffs further allege that, due to those

---

[1] The Settlement Agreement has been signed by all Named Plaintiffs and two of the three Defendants. The Parties will submit the fully-executed Agreement as Supplemental Exhibit 1 after all Parties' signatures have been obtained.

Page 1 of 6
Brandon Ward, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-704-BRW
Joint Motion for Approval of Liability Settlement

policies, they did not receive proper overtime compensation for all hours worked over 40 in each week. Defendants disputed these allegations, asserting that Plaintiffs were properly paid for all hours worked. The Parties believe their proposed settlement agreement represents a fair and reasonable resolution of their legal and factual disputes.

This case is related to *Vines, et al. v. Welspun Pipes, Inc.*, 4:18-cv-509-BRW, in which this Court approved the underlying settlement, and the Plaintiffs are agreeing to terms very similar to those in the *Vines* settlement, with two exceptions. First, no mention is made in this Agreement regarding Plaintiffs' attorneys' fees and costs and no negotiations regarding the fees and costs will take place unless and until this Motion has been granted by the Court. Second, under the present settlement the Named Plaintiffs are agreeing only to a limited release of claims, while the Named Plaintiffs in Vines agreed to a general release of claims.

## II.     ARGUMENT

Because the FLSA confers non-waivable rights on employees, courts typically review settlements of wage claims to ensure that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable. *Lynn's Food Stores, Inc. v. United States*, 769 F. 3d 1350, 1353 n. 8 (11th Cir. 1982). Court review "ensures that the parties are not negotiating around the FLSA's requirements, and that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Cruthis v. Vision's*, No. 4:12-cv-00244-KGB, 2014 U.S. Dist. LEXIS 117901, at *2 (E.D. Ark. Aug. 19, 2014).

The Eighth Circuit has recently cast doubt on whether settlements of wage claims require court review. In *Melgar v. OK Foods*, the court acknowledged "an apparent circuit split as to whether private settlements relating to FLSA claims require district court

Page 2 of 6
Brandon Ward, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-704-BRW
Joint Motion for Approval of Liability Settlement

review," and declined to decide the question. No. 17-2612, 2018 U.S. App. LEXIS 24501, at *8 (8th Cir. Aug. 29, 2018); see also *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019). In any case, the *Melgar* court reiterated its "tradition of encouraging settlement between private parties." Id. at *6. Nonetheless, to ensure that their settlement agreement is enforceable, concurrently with the filing of their Motion the Parties are submitting the settlement agreement to the Court for in camera review.

The Parties' settlement agreement is a product of a formal settlement conference presided over by United State Magistrate Judge Beth Deere on May 5, 2021. Before the settlement conference, the Parties exchanged extensive formal and informal discovery regarding Plaintiffs' timekeeping and payroll records. During the settlement conference, the parties negotiated, with the aid of Judge Deere, the bona fide disputed wages owed but ultimately agreed upon a mutually acceptable settlement amount as set forth below. After the settlement conference, the Parties exchanged drafts of the settlement agreement until both Parties were satisfied with the version now before this Court. Both Parties were represented throughout this litigation by counsel experienced in litigating wage disputes. No discussion of attorney fees has been had to date.

### A.  The Settlement Agreement Resolves Bona Fide Factual and Legal Disputes.

The Parties' settlement resolves a bona fide dispute because significant uncertainty exists in this case with respect to the facts and the legal standards at issue. Plaintiffs claim that Defendants, as their respective employer, had a practice of "rounding up" hours managed by their timekeeping system, and, as a result of Defendants' practices, Plaintiffs were not paid for all of their time nor worked, nor for all of their overtime premiums. Defendants deny these allegations, asserting that Plaintiffs have

Page 3 of 6
Brandon Ward, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-704-BRW
Joint Motion for Approval of Liability Settlement

received their proper wages. It is clear from the litigation that a bona fide dispute exists.

Another point of contention is whether Defendants are liable for liquidated damages. In addition to their unpaid wages, FLSA plaintiffs are generally entitled to an equal amount as liquidated damages. 29 U.S.C. §216(b). However, the employer can avoid liquidated damages by showing that it acted in good faith and with reasonable grounds for believing that it was not in violation of the FLSA. *Jarrett v. ERC Props*., 211 F.3d 1078, 1083 (8th Cir. 2000). Due to factual disputes on the issue of whether Defendants willfully violated the FLSA, and whether Defendants engaged in "time-rounding," the Parties had widely divergent views as to Defendants' liability for liquidated damages.

Therefore, it is clear that a bona fide dispute exists due to the ongoing litigation evident in this case, and the factual and legal disputes at issue.

**B.     The Terms of the Settlement Agreement are Fair and Reasonable.**

Under the terms of the settlement agreement, each participating Plaintiff is receiving a percentage of the $30,126.94 settlement pool in relation to each Plaintiff's damages as calculated by Plaintiffs' Counsel. Based on the calculations, which construe all allegations in the Complaint in the Plaintiffs' favor and take into account the Plaintiffs' actual punch-in time, their rounded punch-in time, and their rate of pay, each participating Plaintiff is receiving 127% of their maximum lost wage damages.

While calculating the maximum damages available to the collective, Plaintiffs' Counsel identified 14 individuals who had no identifiable damages based on the allegations in the Complaint. For those individuals, the Parties have filed, contemporaneously with this Motion, a Joint Stipulation of Dismissal Without Prejudice.

Page 4 of 6
Brandon Ward, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-704-BRW
Joint Motion for Approval of Liability Settlement

The claims of these individuals will be unaffected by the settlement agreement.

The non-monetary terms of the settlement agreement go only so far as necessary to resolve the claims raised in Plaintiffs' lawsuit. Plaintiffs, including both Opt-In and Named Plaintiffs, are releasing any and all claims against Defendants related only to wages and/or failure to pay minimum or overtime wages. The agreement is not conditioned upon confidentiality, non-disparagement, or any other additional terms.

The attorneys' fees and costs to be paid to Plaintiffs' Counsel are not yet agreed and will be negotiated entirely separate from the amount to be paid to Plaintiffs. Accordingly, Plaintiffs' attorneys' fees and costs will in no way detract from or lessen the amount to be paid pursuant to the Agreement. The Parties agree that, if no agreement is reached regarding attorneys' fees and costs, Plaintiff will file a petition for fees and costs within 21 days of the entry of an Order approving the attached agreement. Under these circumstances, the settlement is fair, reasonable, and adequate.

### III.     CONCLUSION

The Parties reached their settlement agreement after a thorough review of each Plaintiff's time and pay records, vigorous motions practice, and a mediated settlement conference. Because the settlement agreement is a reasonable compromise of bona fide disputes over numerous contested issues, the Parties respectfully request that this Court approve the settlement agreement.

Page 5 of 6
Brandon Ward, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-704-BRW
Joint Motion for Approval of Liability Settlement

        Respectfully submitted,

        **BRANDON WARD, ET AL., Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 510
        Little Rock, Arkansas 72211
        Telephone: (800) 615-4946
        Facsimile: (888) 787-2040

        Daniel Ford
        Ark. Bar No. 2014162
        daniel@sanfordlawfirm.com

        Josh Sanford
        Ark. Bar. No. 2001037
        josh@sanfordlawfirm.com

**and**    **WELSPUN PIPES, INC., WELSPUN TUBULAR, LLC, and WELSPUN USA, INC., DEFENDANTS**

        CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
        500 President Clinton Avenue, Suite 200
        Little Rock, Arkansas 72201
        Telephone: (501) 371-9999
        Facsimile: (501) 371-0035

        J. Bruce Cross
        Ark. Bar No. 74085
        bcross@cgwg.com

        */s/    Gregory J. Northen*
        Gregory J. Northen
        Ark. Bar No. 2011181
        gnorthen@cgwg.com

**Page 6 of 6**
**Brandon Ward, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-704-BRW**
**Joint Motion for Approval of Liability Settlement**